UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

BRITTANY STATHERS,           )
                                      )
      Plaintiff,            )
                                        )
      v.                )  CASE NO. 2:11-cv-00245-JMS-DKL
                                      )
CAMPUS HABITAT, LLC,        )
                                      )
      Defendant.      )

## Order Denying Defendant's Motion to Dismiss

On November 5, 2010, plaintiff Brittany Stathers filed this case in the Knox County,

Indiana Circuit Court against Campus Habitat, Inc., alleging that it was liable as the owner and

lessor of her apartment for failure to take proper security measures to protect her from the

vicious attack and sexual assault she suffered at her apartment on November 21, 2008.  In

December 2010, counsel who had appeared for Campus Habitat, Inc. told Ms. Stathers's counsel

that the correct name of the entity that "holds the insurance policy on the [apartment] property in

question" is Campus Habitat, LLC, not Campus Habitat, Inc.  (These two Campus Habitat

entities will sometimes hereafter be referred to as "the LLC" and "the corporation.")   The Knox

Circuit Court granted Ms. Stathers's request to substitute the LLC as defendant, but Ms. Stathers

did not effect service of an alias summons on the LLC until well after expiration of the two-year

limitations period applicable to her claim.

The LLC has moved to dismiss the amended complaint as time barred.  (Dkt. 17)  Ms.

Stathers maintains that her action against the LLC relates back to the filing and service of her

original complaint against the corporation.  Based on the applicable law and an examination of all the relevant facts presented, the court DENIES the LLC's motion to dismiss.

### <u>Analysis</u>

The parties agree that because service occurred while this case was pending in an Indiana state court, the Indiana Rules of Trial Procedure govern the determination of whether Ms. Stathers' claims against the LLC are timely.  *See* Fed. R. Civ. P. 81(c)(1) (providing that the federal rules of civil procedure govern *after* a case has been removed); *Henderson v. Bolanda,* 253 F.3d 928, 932 (7th Cir. 2001) (where state law provides the applicable statute of limitations, that state's laws can be applied to determining whether an amended pleading relates back).

Rule 15(C) of the Indiana Rules of Trial Procedure addresses the situation, like that here, where an amended pleading changes the party against whom a claim is asserted.  So long as the claim in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading (which is not disputed here), then it relates back to the date of the original pleading if within 120 days after the action was commenced, the party to be named through amendment:

> (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and
>
> (2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Ind.R.Tr.P. 15(C).  *See also Porter County Sheriff Dep't v. Guzorek,* 857 N.E.2d 363, 367 (Ind. 2006) (listing relation back requirements for an amended complaint that changes the party against whom the claim is asserted).

The LLC does not contest that it had notice of Ms. Stathers's original lawsuit within 120 days of its being commenced in the Knox Circuit Court, nor does it contest that it knew that, but

for Ms. Stathers's mistake in naming the corporation instead of the LLC, the action would have been brought against the LLC.  In addition, the LLC does not suggest that it has suffered any prejudice in defending Ms. Stathers's claim on the merits stemming from her failure originally to name the LLC as the defendant.  The facts demonstrate that the LLC had notice of this lawsuit within days of its filing—even before the statute of limitations had run (let alone within 120 days after the running of the statute of limitations) and has known all along that it is the proper defendant.

Ms. Stathers's written lease agreement and other lease-related paperwork were attached to her complaint.  (Dkt. 1-5)  The summons accompanying her complaint was directed to Campus Habitat, Inc. in care of Jamie Bray, its resident agent, at 201 West. St. Clair Street, Vincennes, Indiana, and was mailed via certified mail by the clerk of the Knox Circuit Court. (*See* Dkt. 1-6)  The return receipt "green card" sent to Campus Habitat, Inc. was signed and returned to the clerk.  (Dkt. 1-4)

Defense counsel, including attorney Bruce L. Kamplain, entered an appearance for the corporation on November 29, 2010, and moved for time for the corporation to answer the complaint, which was granted by the Knox Circuit Court.  (Dkt. 1-6)  Mr. Kamplain is also the LLC's counsel in this case.  In December 2010 (still within two years and 120 days of the assault on Ms. Stathers), Mr. Kamplain told Ms. Stathers's counsel that the correct name of the entity that "holds the insurance policy on the [apartment] property in question" is the LLC and not the corporation.  (Dkt. 1-7)  Ms. Stathers then asked the Knox Circuit Court for permission to substitute the LLC as the defendant and advised the court that Mr. Kamplain had requested the issuance of an alias summons to the LLC.  (Dkt. 1-7)  The court granted the motion, ordered Ms. Stathers to serve an alias summons on the LLC within 15 days, and ordered that "henceforth all

pleadings and other papers bearing a caption shall reflect the name of Defendant as "Campus Habitat, LLC."   (Dkt. 1-8).  Ms. Stathers, however, continued to mix up the LLC and the corporation, first issuing an alias summons again to Campus Habitat, Inc. (although the caption on the summons correctly named Campus Habitat, LLC as the defendant).  (Dkt. 1-9)  Finally, in August 2011, she issued and served an alias summons to Campus Habitat, LLC, in care of the same Jamie Bray as resident agent at the same address to which the original summons to Campus Habitat, Inc. was directed.  (Dkt. 1-10)

Despite the unequivocal showing that the LLC knew that Ms. Stathers's counsel had made a mistake in naming the corporation as the defendant, knew that the LLC was the entity Ms. Stathers should have sued, and had received notice of the complaint within 120 days of the commencement of the case, the LLC contends that two matters prevent the court from applying the relation back principle of Rule 15(C).

The LLC first argues that it must have been *served* with a summons within 120 days of the commencement of the case.  That argument is foreclosed by the plain language of Rule 15(C), which focuses on when the party had "notice" of the lawsuit, not on when it was served. As the Indiana Supreme Court explained in *Guzorek,* 857 N.E.2d at 368-39, the notice requirement of Rule 15(C) does not mean notice by "service of process on the new defendant." It requires only that the party added by amendment had actual or constructive notice that a lawsuit had been filed.  *Id.* at 368-69.  That requirement was met here.  Campus Habitat, LLC had actual notice of the lawsuit, as demonstrated by its hiring of counsel who entered his appearance and told Ms. Stathers's counsel that the correct entity was Campus Habitat, LLC and not Campus Habitat, Inc.

4

Second, the LLC argues that by naming Campus Habitat, Inc., Ms. Stathers named a "fictitious" entity and that relation back can never be applied to substitute a party for a fictitious entity.  It cites in support *Hupp v. Hill,* 576 N.E.2d 1320, 1327 (Ind. Ct. App. 1991), which holds that "[n]ever . . . does the filing of a John Doe complaint toll the statute of limitations as applied to the subsequently named real defendant."  But *Hupp* has no application here, even if its broad statement of the law could trump the plain provisions of Rule 15(C).[1]  Unlike the situation addressed by *Hupp,* Ms. Stathers did not name a fictitious or placeholder defendant like a John Doe or an XYZ Corporation.  She had only Campus Habitat's form of entity wrong.  Her mistake was so inconsequential that her original complaint immediately got to the right party, which promptly hired a lawyer.

## Conclusion

Because all of the requirements of Rule 15(C) have been met, Ms. Stathers's amended complaint against Campus Habitat, LLC relates back to the date of the filing of her original complaint on November 5, 2010, which was within two years of the date of the injuries for which she seeks relief.  Campus Habitat, LLC's motion to dismiss (Dkt. 17) on statute of limitations grounds is therefore DENIED.

So ORDERED.

12/29/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[1]     The *Hupp* court cites *Berns Const. Co., Inc. v. Miller,* 491 N.E.2d 565, 573 (Ind. Ct. App. 1986), *aff'd,,* 516 N.E.2d 1053 (Ind. 1987), as authority for its statement, but the *Berns* court was careful to note that Rule 15(C) governs the correction of misnamed parties and, to the extent *Berns* suggests that a claim against a "new" party can never be added outside the statute of limitations, it relies on a decision, *Gibson v. Miami Valley Milk Producers, Inc.,* 299 N.E.2d 631, 638 (Ind. Ct. App. 1973), that predates by nearly 30 years the current version of Rule 15(C).

Copies by ECF to:

Mark David Geheb
LAW OFFICE OF JOE D. BLACK
mgeheb@sbcglobal.net

Bruce L. Kamplain
NORRIS CHOPLIN & SCHROEDER LLP
bkamplain@ncs-law.com