UNITED STATES DISTRICT COURT
for the SOUTHERN DISTRICT OF INDIANA,
TERRE HAUTE DIVISION

| | |
|---|---|
| **BRITTANY STATHERS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| *vs.* | ) CAUSE NO. 2:11-cv-245-JMS-DKL |
| | ) |
| **CAMPUS HABITAT, LLC,** | ) |
| | ) |
| Defendant. | ) |

## ORDER QUASHING SUBPOENA

***Motion to Quash*** **[doc. 33]**

Plaintiff Brittany Stathers resided in an apartment at the St. Clair Place Apartments in Vincennes, Indiana, an apartment complex owned by defendant Campus Habitat, LLC. Ms. Stathers alleges that she was viciously attacked, sexually assaulted, and beaten in her apartment in 2008 and she now sues Campus Habitat for negligently breaching its duty to take reasonable steps to protect its tenants from the actions of third parties.

Non-party City of Vincennes Police Department has entered a limited appearance in order to file the present motion under Fed. R. Civ. P. 45(c)(3)(A)(iii) and (iv) to quash a subpoena *duces tecum* served upon Thomas Grove, its Police Chief, by Campus Habitat, LLC on January 4, 2012 [doc. 33-1]. The subpoena commands the Chief to produce forty-three categories of documents to Campus Habitat's counsel in Indianapolis. The categories fall into three groups: **(1)** category no. 1 seeks "the entire contents" of the Police

1

Department's file "that relate in any way to your investigation of the assault on Brittany Stathers;" **(2)** categories 2 through 22 seek "all communications" between the Police Department and 21 individuals and entities (and all of the entities' employees or representatives), including Vincennes University, St. Clair Place Apartments, an Indianapolis television station, a Vincennes hospital, and a recovery-services clinic; and **(3)** categories 23 through 43 seek "all documents and tangible things provided to you" by the same 21 individuals and entities, including all of the entities' employees or representatives.

In its motion to quash, the Police Department argues that the requested information "requires disclosure of privileged or a protected matter in that the items requested are part of an ongoing criminal investigation for which the Statute of Limitations has not expired and which is an open and active case." (*Motion to Quash* ¶ 1.) In addition, the Police Department asserts that the subpoena subjects it to "undue burden due to the voluminous materials requested." (*Id.* ¶ 2.) The motion was filed on January 27, 2012. Campus Habitat has not filed a response and the time to do so has passed. The matter is therefore submitted on the motion and its attachments.

A law-enforcement investigatory privilege protects the records of ongoing criminal investigations from discovery in civil litigation. *Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122 (7th Cir. 1997); *Anderson v. Marion County Sheriff's Department*, 220 F.R.D. 555, 563-68 (S.D. Ind. 2004). See also *In re the City of New York*, 607 F.3d 923 (2nd Cir. 2010); *Commonwealth of Puerto Rico v. United States*, 490 F.3d 50 (1st Cir. 2007), *cert. denied*, 552 U.S.

1295 (2008); *In re United States Department of Homeland Security*, 459 F.3d 565 (5th Cir. 2006). While the privilege is not absolute and can be overridden by a demonstrated need for the material, there is "a pretty strong presumption against lifting the privilege." *Dellwood Farms*, 128 F.3d at 1125.

Although the Police Department's showing in support of application of the privilege is certainly thin, its motion has not been opposed or challenged and there has been no showing of need for the material. In addition, no particular showing is required to demonstrate that the subpoena's 42 requests for all communications with and documents and tangible things provided by 21 individuals and entities, including all of the entities' employees or representatives, with no criteria of relevance to this case, is overbroad and imposes an undue burden on the Police Department.

Therefore, the City of Vincennes Police Department's motion to quash is **GRANTED**. Campus Habitat's subpoena *duces tecum*, served on the Vincennes Police Department on or about January 4, 2012, a copy of which is attached to the present motion as doc. 33-1, is **QUASHED**.

**SO ORDERED.**

Date: 03/08/2012

_____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Mark David Geheb
LAW OFFICE OF JOE D. BLACK
mgeheb@sbcglobal.net

Bruce L. Kamplain
NORRIS CHOPLIN & SCHROEDER, LLP
bkamplain@ncs-law.com

James David Roellgen
EMISON DOOLITTLE KOLB & ROELLGEN
roellgen@emisonlaw.com